Dear Mr. Wilbert:
This office is in receipt of your request for an opinion of the Attorney General in regard to several months of back pay for John Torrance by the Louisiana Used Motor Vehicle and Parts Commission. You indicate John Torrance, Executive Director, was wrongly terminated by the Commission. However, at no time did he move out any of his personal effects from his office, and worked out of his home in an unofficial and uncompensated capacity. He was reinstated in April as the Executive Director, and has assumed his official duties again. The Commission voted to pay his back due salary and benefits, but have delayed action until this office renders an opinion on the legality of such payment.
In Atty. Gen. Op 00-188 this office was asked whether reimbursement was required for back wages to a non-civil service employee of the Terrebonne Parish Sheriff's Office who was terminated subsequent to criminal charges being filed against him, but after additional evidence, the Grand Jury returned a no true bill, and the District Attorney dismissed the charges. This office concluded while R.S. 42:1442 requires payment of attorney's fees "for law enforcement officers" who successfully defend against alleged criminal acts committed in good faith and in furtherance of the course and scope of employment, no legal obligation was found under the law for payment of all or a portion of this individual's back wages.
Consistent with the latter opinion, we would have to conclude the law does not require reimbursement for back pay for the Executive Director wrongly dismissed. However, this does not answer the question whether they may voluntarily make such payments, and consideration must be given to Art. VII, Sec. 14 of the Louisiana Constitution which prohibits gratuitous donations of public funds.
With regard to this issue In Atty. Gen. Op. 96-29 this office observed as follows:
 While Article VII, Section 14 prohibits the gratuitous donation of public funds, as in the case of severance pay, it does not prohibit the lawfully authorized payment of compensation for labor or services provided in the course of employment and the related benefits of annual and sick leave. Entitlements to insurance and retirement benefits for public employees are specifically provided for in Article VII, Section 14(B).
This office further noted that while the City may provide payment of compensation for labor or services actually rendered, it was found the benefits should be reasonable and implemented through the formal adoption of a policy which is congruous to the nature of the services rendered.
Subsequently, in Atty. Gen. Op. 97-254 in determining whether payments made with regard to the Sick Leave Incentive Program were donations, this office quoted the Webster's Dictionary definition of "gratuitous" as "given without recompense or return: unearned." It was reasoned that the Sick Leave Incentive Program was constitutional and did not violate La. Const. Art VII, Sec 14 inasmuch as payments were more properly characterized as additional compensation, or "an earned benefit of employment."
Based upon this reasoning we would find the back pay and benefits may be constitutional insofar as the Executive Director continued his work in his home after being "wrongfully terminated", and the Commission has formally voted to pay his back due salary and benefits. Consequently, this may be considered "earned compensation" if the payments are reasonable as being equivalent to the nature of the services rendered. However, this office cannot determine if the payments are reasonable as that is a factual determination to be made by the commission.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:_____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr